UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARON CAMMILLE RIDDICK,<br>Plaintiff,<br><br>v.<br><br>BOSTON HOUSING AUTHORITY,<br>Defendants. | Civil Action No.<br>21-11349-NMG |

ORDER

GORTON, J.

This matter is before the Court on the following motions filed by pro se plaintiff Sharon Cammille Riddick: a renewed motion for counsel (Docket No. 18) filed November 5, 2021; a second motion to amend (Docket No. 13) filed November 5, 2021; a third motion to amend (Docket No. 19) filed November 7, 2021; a fourth motion to amend (Docket No. 20) filed November 10, 2021; a fifth motion to amend (Docket No. 21) filed November 11, 2021; a sixth motion to amend (Docket No. 22) filed November 14, 2021); a seventh motion to amend (Docket No. 23) filed November 18, 2021; an eighth motion to amend (Docket No. 24) filed November 28, 2021; and a ninth motion to amend (Docket No. 27) filed December 5, 2021.

On October 12, 2021, the Court entered an Order (Docket No. 5) granting plaintiff leave to proceed in forma pauperis and denying plaintiff's motion for counsel without prejudice to

filing a renewed motion when the named defendants have been served with and responded to the complaint. On October 12, 2021, summons issued (Docket No. 7) as to all five defendants.[1]

On October 19, 2021, plaintiff's motions for leave to file electronically (Docket No. 8) and to amend complaint (Docket No. 9) were allowed. See 10/19/2021 Electronic Order (Docket No. 10). The operative complaint is plaintiff's amended complaint. Docket No. 25.

After a party has used its right to amend a pleading "once as a matter of course" as permitted in Federal Rule of Civil Procedure 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Futility – meaning that the proposed amended complaint fails to state a claim – is a sufficient reason to deny amendment under Rule 15(a)(2). Nikitine v. Wilmington Tr. Co., 715 F.3d 388, 390 (1st Cir. 2013).

Here, plaintiff has already amended her complaint once and therefore, without the defendants' consent, the court's leave is required to amend the complaint. Leave to amend "should be

---

[1] On November 4, 2021, summonses were returned executed as to the following four defendants: Boston Housing Authority, Vincent Wright, Jay Koplove and Colleen Leaver. See Docket Nos. 14 - 17. On November 30, 2021, a summons was returned executed as to defendant Angel Santos.

granted unless the amendment would be futile or reward undue delay." Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir. 2009).  "[A]mendments may be denied for several reasons, including undue delay, bad faith, dilatory motive of the requesting party, repeated failure to cure deficiencies, and futility of amendment." Hagerty ex rel. United States v. Cyberonics, Inc., 844 F.3d 26, 34 (1st Cir. 2016) (internal citations and quotation marks omitted).  An amendment is considered futile if the proposed complaint would not survive a motion to dismiss. See e.g., Kemper Ins. Co. v. Federal Express Corp., 115 F. Supp. 2d 116, 125 (D. Mass. 2000).

Here, plaintiff's numerous pending motions to amend are not accompanied by a proposed second amended complaint and they fail to provide a clear statement of the claims she intends to assert and the specific factual allegations that support those claims. Through more than half a dozen pleadings, plaintiff seeks to supplement her complaint through the filing of piecemeal pleadings in place of a formal, proposed second amended complaint.  However, a civil plaintiff may not proceed through the filing of piecemeal pleadings. See e.g. Lewis v. Sessions, No. 17-5475, 2017 WL 7313822, at *2 (D.N.J. Nov. 3, 2017) ("neither Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings,

3

permits [a plaintiff] to submit numerous addenda to his Complaint in ... piecemeal fashion").

For the foregoing reasons, it is hereby ORDERED

1. Plaintiff's motions (Docket Nos. 13, 19-24, 27) to amend are denied.

2. Plaintiff's renewed motion (Docket No. 18) for appointment of counsel is denied without prejudice to filing a renewed motion when the defendants have been served with and responded to the amended complaint.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: December 8, 2021