UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARON CAMMILLE RIDDICK,<br>Plaintiff,<br><br>v.<br><br>BOSTON HOUSING AUTHORITY,<br>Defendants. | Civil Action No.<br>21-11349-NMG |

MEMORANDUM AND ORDER

GORTON, J.

Pending before the Court are plaintiff's two motions (Docket Nos. 47-48) for default judgment and defendants' motion (Docket No. 52) to set aside default. For the reasons set forth below, the court grants defendants' motion to set aside the clerk's notice of default and denies as moot plaintiff's motions for default judgment.

I. Background

On August 18, 2021, Sharon Cammille Riddick ("Riddick") filed a pro se complaint against the Boston Housing Authority ("BHA") and the following four BHA employees: Vincent Wright, Angel Santos, Jay Koplove, and Colleen Leaver. See Docket No. 1. On October 12, 2021, Riddick was granted leave to proceed in forma pauperis and summons issued for service of the defendants. See Docket No. 5.

On October 18, 2021, Riddick was permitted to amend her complaint, see Docket No. 10, and her amended complaint was filed on October 19, 2021. See Docket No. 25. Riddick's subsequent motions to amend were denied. See Docket Nos. 28, 36.

Executed returns of service were filed by a deputy United States Marshal indicating that service was completed on November 4, 2021. See Docket Nos. 14 - 17, 26. Because the defendants failed to answer or otherwise respond, the court directed the clerk to issue a notice of default under Rule 55(a). See Docket No. 36.

On December 15, 2021, the clerk entered the defendants' default on the docket along with the standing order on motions for default judgment. See Docket Nos. 37, 38. In support of her motion for default, Riddick filed an affidavit and two motions. See Docket Nos. 46 – 48. Riddick also filed a memorandum of law and supporting exhibits. See Docket No. 49, 50.

On February 22, 2022, defendants moved to set aside the default. See Docket No. 52. Riddick opposes the defendants' motion to set aside the default. See Docket Nos. 53, 54.

II. **Legal Standard**

The court may set aside an entry of default for good cause. See Fed. R. Civ. P. 55(c). Good cause is not subject to a

2

strict definition and its meaning is influenced by the circumstances of the case. See Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989). The standard is a "liberal one" based upon the policy justification that actions should be resolved on their merits. Bryan v. Lark Hotels, LLC, 323 F.R.D. 116, 117 (D. Mass. 2017) (citing Coon, 867 F.2d at 76). In determining whether entry of default should be set aside, a district court should consider:

> (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion.

McKinnon v. Kwong Wah Rest., 83 F.3d 498, 503 (1st Cir. 1996) (citing Coon, 867 F.2d at 76).

### III. Discussion

In their motion to set aside default, defendants suggest that their conduct did not willfully invite a default and that it has acted diligently since receiving the subject notice. The defendants explain that Riddick filed the instant action shortly after the BHA initiated a summary process action in state court. The parties were unsuccessful in their attempts to resolve all claims during state court mediation, including the claims raised

3

in the instant action. With defendants' motion is the affidavit of Michael Louis, BHA's lead counsel in the state court action. Attorney Louis attests that he participated in mediation on or about September 10, 2021, October 21, 2021 and November 10, 2021. Further, he attests that he transitioned to private practice in December 2021 and failed to file a responsive pleading in the instant action. Successor counsel states that he moved to set aside the default approximately one week of having been assigned the matter by the BHA. Moreover, aside from the BHA, defendants argue that the individual defendants should not be considered at fault for the BHA's failure to answer or file a responsive pleading.

Defendants note that Riddick's pro se complaint is a lengthy, onerous document and defendants' argue that there are numerous meritorious defenses. Defendants contend that Riddick seeks a large damage award and that she will not suffer prejudice by setting aside the default.

In opposition, Riddick explains that she followed the rules for service and that the defendants failed to file an answer or petition the court for an extension. She contends that the defendants have not made any good faith efforts towards resolving the issues raised in the instant action. She states that she submitted 1,970 pages of exhibits in support her claims

4

and argues that the defendants' have not met the requirements to set aside the default.

Although plaintiff correctly notes that defendants failed to answer or file a responsive pleading, it does not ring of bad faith or willfulness. While it is concerning that lead counsel in the state court action left the BHA without answering the summons issued in the instant action, it does not suggest that he acted in bad faith. Successor counsel sought to remove the default one week after being assigned the matter by the BHA.

In light of all the factors, and recognizing an overriding interest in disposing of the case on the merits, the court concludes that there is good cause to allow defendants' motion to set aside the default.

IV. Order

Accordingly, it is hereby Ordered that:

1. Defendants' motion (Docket No. 52) to set aside the clerk's notice of default is ALLOWED.

2. Plaintiff's motions (Docket Nos. 47-48) for default judgment are DENIED as moot.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: April 14, 2022